UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE MAXWELL,

     Plaintiff,

v.                        Case No.:  2:22-cv-628-JLB-KCD

ASTON MARTIN LAGONDA OF
NORTH AMERICA, INC.,

     Defendant.

_____/

## ORDER

Lawrence Maxwell alleges that he leased a defective Aston Martin and filed a single count complaint in state court against Aston Martin Lagonda of North America, Inc.—the car's manufacturer—under the Magnuson-Moss Warranty Act for breach of express warranty, 15 U.S.C. § 2301 *et seq*.[1] Defendant removed the case based on diversity jurisdiction. But because Defendant has failed to establish diversity of citizenship, it must supplement the notice of removal.

A plaintiff may initiate a cause of action under the Magnuson-Moss Warranty Act in either state or federal court. 15 U.S.C. § 2310(d)(3)(B); *see also Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268 (11th Cir. 2002). Maxwell

_____

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

chose to file his claim in state court. Even so, a defendant may remove a Magnuson-Moss claim based on diversity jurisdiction, as occurred here. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480 (11th Cir. 2005).

Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts have diversity jurisdiction if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). And it is not enough to simply allege there is jurisdiction. Defendant must show, by a preponderance of the evidence, facts supporting jurisdiction. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Removal jurisdiction also raises significant federalism concerns, and thus courts strictly construe removal statutes. *See id.* at 1095. Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Defendant has not adequately pled diversity of citizenship, alleging "upon information and belief" that Plaintiff is a citizen of Florida. (Doc. 1 at 2.) Citizenship cannot be supposed, "nor supplanted by considerations of convenience and efficiency." *See Morrison*, 228 F.3d at 1273 ("Jurisdiction cannot be established by a hypothetical."). To remedy this deficiency, Defendant may supplement the notice of removal. *See* 28 U.S.C. § 1653.

Finally, the Notice of Removal does not comply with Local Rule 1.08 governing typography (typeface must be Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino; Times New Roman is permitted if the main text is at least 14-point, with other requirements). All future filings must comply with the Local Rules.

Accordingly, it is **ORDERED**:

Defendant must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction by **October 19, 2022**. **Failure to do so will result in a recommendation this case be remanded for lack of subject-matter jurisdiction.**

**ENTERED** in Fort Myers, Florida on October 6, 2022.

Kyle C. Dudek
United States Magistrate Judge